REPUBLICAN PARTY OF
MINNESOTA, et al.,
Petitioners,

v.

Patrick H. O'CONNOR, in his official
capacity as Hennepin County
Auditor, Respondent,

Dorothy McClung, in her official
capacity as Ramsey County
Auditor, Respondent,

Daniel J. Hall, in his official capacity
as Olmsted County Auditor,
Respondent.

No. A04–1955.

Supreme Court of Minnesota.

Oct. 27, 2004.

**ORDER**

On October 15, 2004, petitioners filed a petition pursuant to Minn.Stat. § 204B.44 (2002), requesting the court to:

(1)declare that the names and party affiliations of election judges are public data under the Minnesota Government Data Practices Act, and compel respondents (and other similarly situated government authorities) to immediately release that information; and

(2)pursuant to Minn.Stat. § 204B.19 (2002), declare that respondents (and other similarly situated government authorities) must take all necessary steps to ensure that no more than half of the election judges in any one precinct are affiliated with the same political party.

Minnesota Statutes § 204B.44 provides that in the case of an election for state or federal office, an individual may file with this court a petition to correct certain "errors, omissions or wrongful acts which have occurred or are about to occur." Included are errors and omissions of individuals, specifically including county auditors and municipal clerks, "charged with any duty concerning an election." Minn.Stat. § 204B.44(d) (2002).

Minnesota Statutes § 204B.19, subdivision 5 (2002) provides:

No more than half of the election judges in a precinct may be members of the same major political party unless the election board [1] consists of an odd num-

---

1. The election judges appointed to serve in a precinct constitute the precinct's election board. Minn.Stat. § 204B.20 (2002).

ber of election judges, in which case the number of election judges who are members of the same major political party may be one more than half the number of election judges in that precinct.

(Footnote added.) Petitioners argue, and we agree, that this statute prescribes a "duty concerning an election" under section 204B.44(d).

Although section 204B.19, subdivision 5 is silent as to who has the duty to carry out its mandate, it is clear that this responsibility lies with the officials who appoint election judges in a particular jurisdiction. Other duties prescribed by this statute are expressly stated to be those of the "appointing authority." Minn.Stat. § 204B.19, subds. 1, 4 (2002). Minnesota Statutes § 204B.21, subdivision 2 (2002) provides that "[e]lection judges for precincts in a municipality shall be appointed by the governing body of the municipality," while election judges in precincts located in unorganized territory are appointed by the county board. This statute goes on to provide that appointments are "subject to the eligibility requirements and other qualifications established or authorized under section 204B.19." Minn.Stat. § 204B.21, subd. 2. If additional election judges are required after all names listed by the major political parties have been exhausted, the appointing authority may appoint other judges, "subject to the same requirements and qualifications." Id. "The municipal clerk may assign election judges to fill vacancies as they occur." Minn.Stat. § 204B.23 (2002).

Petitioners requested information on election judges in the Cities of St. Paul, Minneapolis and Rochester, which are all municipalities under the election laws. Minn.Stat. § 200.02, subd. 9 (2002). In Minneapolis and Rochester, petitioners' representatives dealt with the city clerks, not the county auditors. Respondents

O'Connor and Hall state that as county auditors they have no responsibility for the appointment or supervision of election judges in Minneapolis and Rochester, respectively. We conclude that respondents O'Connor and Hall are not proper parties and dismiss the petition as to them.

Petitioners' request for information on election judges appointed in St. Paul was answered by the Ramsey County Elections Division Manager. Respondent McClung states that she is the supervisor of the Elections Division, which performs election duties for the City of St. Paul pursuant to contract. See Minn.Stat. § 383A.62 (2002) (authorizing St. Paul and Ramsey County by agreement to provide for merger of city and county election offices). Based on these representations, we conclude that respondent McClung is a proper party to this action as to the election judges appointed for the City of St. Paul.

### Data Practices Claim.

Under the Minnesota Government Data Practices Act (MGDPA), all personnel data that is not designated as "public" is private data. Minn.Stat. § 13.43, subds. 2–4 (2002); *Navarre v. South Washington County Schs.*, 652 N.W.2d 9, 22 (Minn. 2002). Personnel data is that which is collected because an individual is or was an employee of a government entity, including a political subdivision. Minn.Stat. § 13.43, subd. 1 (Supp. 2003). Election judges are compensated for their services; the compensation for those serving in a municipality is fixed by the governing body of the city or town, and municipalities are responsible for paying their compensation. Minn.Stat. §§ 204B.31, subd. 1(d); 204B.32, subd. 1(c) (2002). We conclude that for purposes of the MGDPA, election judges are employees, as that word is commonly understood, of political subdivisions. We further conclude that because the political party membership of election judges

is not designated as public under the MGDPA, it is "private data on individuals" and not accessible to petitioners. Minn. Stat. §§ 13.02, subd. 12; 13.43, subds. 2–4 (2002).[2] Petitioners argue that the statutory requirement for major political party balance in the appointment of election judges is intended to address serious issues of ballot integrity and transparency of the election process. Petitioners allege that without public scrutiny, enforcement of the party balance requirement may be difficult.

But petitioners cite no authority, and we have found none, for the proposition that party membership is public data under the MGDPA. In the absence of an exception specifically applicable to election judges, and in light of the clear mandate of the MGDPA that personnel data is private unless otherwise described as public, we decline to rewrite the statute.

Minnesota has a long tradition of attention to ballot integrity. It is properly the role of the legislature to debate the propriety of amending the MGDPA or providing some other remedy to address the issue, such as according an official like the county auditor supervisory authority to enforce Minn.Stat. § 204B.19, subd. 5.[3]

### Election Law Violation Claim.

Because the MGDPA does not provide for disclosure of the political party membership of election judges, at our direction respondent McClung submitted under seal a roster listing St. Paul election judges by precinct, identified by political party. The party identification is that stated by the election judge in the application for the position.

There are two shifts of election judges for each of St. Paul's 104 precincts. A chart appended to the October 20, 2004 affidavit of the Ramsey County Elections Manager indicates that one precinct was out of compliance with Minn.Stat. § 204B.19, subd. 5. Our in camera review of the materials submitted shows that as of October 15, 2004, one shift in each of eight precincts had a party-membership imbalance of one judge.[4]

We direct respondent McClung to correct these imbalances. We recognize that the allocation of election judges is subject to change up to election day for a number of reasons, including illness and family emergencies. We nevertheless urge municipalities to make all efforts to comply with the statutory requirement of political party balance among election judges in each precinct.

Finally, we are compelled to emphasize that petitioners do not allege, and there is no evidence of, fraud, malfeasance or other wrongdoing in the appointment of election judges in any jurisdiction. In fact, our review of the judge assignments for 104 precincts and 208 shifts in St. Paul revealed only 8 discernable minor imbalances.

2. We have entertained this data practices claim because it is directly related to a claim over which we have original jurisdiction. Nevertheless, we wish to emphasize that data practices claims should be commenced in the district court. It is the district court that has original jurisdiction to provide injunctive or other relief for violations or proposed violations of the MGDPA. Minn.Stat. § 13.08 (2002).

3. Although it serves a slightly different purpose, we note that Minn.Stat. § 204C.07, subd. 1 (2002), allows major political parties to appoint challengers to be present at the polling place for each precinct.

4. The affected precincts are: Ward 1, Precinct 12; Ward 2, Precinct 6; Ward 3, Precinct 2; Ward 3, Precinct 13; Ward 4, Precinct 7; Ward 4, Precinct 13; Ward 5, Precinct 3; and Ward 6, Precinct 1.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent McClung shall ensure that the complement of election judges serving in each precinct in the City of St. Paul shall comply with the requirements of Minn.Stat. § 204B.19, subd. 5 (2002).

2. The petition be, and the same is, dismissed with respect to respondents O'Connor and Hall.

3. The petition be, and the same is, in all other things denied.

4. Any future petitions brought pursuant to Minn.Stat. § 204B.44 that challenge the political party balance of election judges under Minn.Stat. § 204B.19, subd. 5 between the date of this order and the completion of the November 2, 2004, general election shall be commenced in the district court. See *Rice v. Connolly*, 488 N.W.2d 241, 244 (Minn.1992) (requiring quo warranto petitions to be commenced in the district court).

BY THE COURT:

/s/ Kathleen A. Blatz
Chief Justice